# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WHARF, INC.<br>t/a THE WHARF, *et. al.*,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>HOFFMAN-MADISON WATERFRONT LLC,<br><br>    Defendants,<br><br>and<br><br>WHARF HORIZONTAL REIT LEASEHOLDER LLC,<br><br>    Defendant/Counter-Plaintiff. | Civil Action No. 15-cv-1198 (CKK) |

**HOFFMAN-MADISON WATERFRONT LLC AND WHARF HORIZONTAL REIT
LEASEHOLDER LLC's REPLY IN SUPPORT OF THEIR
<u>MOTION TO STRIKE PLAINTIFFS' JURY DEMAND</u>**

    Defendants Hoffman Madison Waterfront LLC ("HMW") and Wharf Horizontal REIT Leaseholder LLC ("WHRL") (together, the "Developer Defendants") respectfully submit this reply memorandum in further support of their motion to strike the jury demand set forth in the First Amended Complaint filed by The Wharf, Inc., t/a The Wharf; BRW, Inc., t/a Captain White Seafood City; and Salt Water Seafood, Inc., t/a Salt Water (collectively, the "Whites").

**I.    PRELIMINARY STATEMENT**

    The Whites do not – and cannot – dispute that the underlying premise of each and every claim asserted in their First Amended Complaint is that they are parties to leases that are binding and in effect. Indeed, all of the Whites' claims presuppose that the leases are binding contracts

1

that give them the right to run businesses at the Municipal Fish Market. The Whites also do not – and cannot – dispute that the jury waiver provision in each of the leases is broadly worded and encompasses not only breach of contract claims, but also claims arising out of the contractual and leasehold relationships. The conclusion compelled by these two undisputed facts is that the Whites are not entitled to a jury trial on any of their claims.

Nevertheless, the Whites assert that the jury waiver clause in the contracts they claim to be in full force and effect does not apply here because WHRL asserted as one of its defenses that the contracts were void *ab initio*. But, in doing so, the Whites do not cite even one case where a court has found that a jury waiver is not enforceable because a defendant raised an affirmative defense of invalidity. And, indeed, their argument flies in the face of the logical conclusion that a dispute as to whether a contract is valid is, in fact, a dispute that relates to the contract. Not surprisingly, courts that have considered the issue have reached that very conclusion.

Equally unavailing is the Whites' attempt to claim that, even if enforceable, the jury waiver does not apply to their claims against HMW because HMW is not a party to the leases. But, the Whites are not asserting a claim against HMW unrelated to the contract or based upon any act or omission of HMW. Instead, the Whites contend only that HMW is vicariously liable for the acts of WHRL under the alter ego theory. Not surprisingly, then, the case law makes it clear that, in this circumstance, the jury waiver is enforceable by HMW and at a minimum by WHRL for HMW. That result makes sense: If the Whites were right, a plaintiff would always be able to unilaterally circumvent a jury waiver by including a claim for vicarious liability against a non-party.

Further, the jury waiver provision in Section 33 of the leases is more than broad enough to encompass this entire proceeding:

2

> Landlord and Tenant hereby waive all right to trial by jury in any claim, action, proceeding or counterclaim by either Landlord or Tenant against the other pertaining to any matters arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant, or Tenant's use of the Premises.

First Am. Compl., Ex. A at 23, Ex. B at 21, Ex. C at 31, ECF No. 17.  The instant lawsuit is a "proceeding" as referred to in Section 33 and there is no reason why WHRL cannot enforce the jury waiver provision on behalf of itself as well as its alleged alter ego, HMW.

Finally, as discussed below, the Whites also have it wrong when they suggest that *Rodenbur v. Kaufmann*, 320 F.2d 679 (D.C. Cir. 1963), is "controlling" precedent that entitles them to a jury trial on their tort claims.  As the Developer Defendants demonstrated in their opening brief on this issue, there is nothing in the holding of *Rodenbur* that applies to the situation here.

## II.   ARGUMENT

### A.   The affirmative defense of invalidity is not a basis for avoiding application of the jury waiver provision.

The Whites contend that, because the Developer Defendants argue that the leases are no longer in effect, the jury waiver cannot apply.  But that would be contrary to what courts have held.  Indeed, courts have found that when a jury waiver provision is broad, as it is here, the question of whether the contract is valid falls within the scope of the jury waiver provision.  *See, e.g.*, *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837–38 (10th Cir. 1988); *Seligson v. Plum Tree, Inc.*, 361 F. Supp. 748, 758 (E.D. Pa. 1973) ("The very issue is the validity of the contract and that is clearly covered by the waiver."); *see also Silver v. JTH Tax, Inc.*, No. Civ.A. 2:05CV126, 2005 WL 1668060, *7 (E.D. Va. June 21, 2005).  Here, the Developer Defendants' argument that the leases terminated or were void *ab initio* goes to the validity of the contract.  As such, the jury waiver applies to that question and it should be enforced.

3

To a certain extent, the Whites appear to suggest that, because the Developer Defendants have challenged the validity of the contract as one of their affirmative defenses, they are somehow estopped from enforcing the jury waiver in the contract. But, in fact, the Whites are mistaken. It is the Whites who are equitably estopped from relying on the leases as a basis for establishing liability while at the same time avoiding the application of the jury waiver provision in those very leases. *See, e.g.*, *Mowbray v. Zumot*, 536 F. Supp. 2d 617, 622 (D. Md. 2008) (citing *Perry v. Scruggs*, 17 F. App'x 81, 91 (4th Cir. 2001)) ("Under the doctrine of equitable estoppel, [plaintiff] may not rely on the Agreement of Sale to establish liability while at the same time disclaiming the waiver provision contained in the same agreement.").

There can be no dispute that the Whites have consistently maintained throughout this litigation that they are parties to valid, effective leases with WHRL. *See generally, e.g.*, First Am. Compl., ECF No. 17; Pls.' Mot. for Prelim. Inj., ECF No. 18; Pls.' Br. in Opp'n to Defs. Hoffman-Madison Waterfront, LLC's and The Wharf Horizontal REIT Leaseholder, LLC's Mot. to Dismiss Pls.' First Am. Compl., ECF No. 26; Pls.' Mot. to Dismiss WHRL's Am. Countercls., ECF No. 61. Now the Whites contend that, because the Developer Defendants assert that the leases are invalid or terminated, the contractual jury waiver in those leases should not apply. *See, e.g.*, Pls.' Resp. to Hoffman-Madison Waterfront LLC and Wharf Horizontal REIT Leaseholder LLC's Mot. to Strike Pls.' Demand for a Jury Trial 1–2, ECF No. 65 ("Whites' Resp."). The Whites cannot have it both ways. The doctrine of equitable estoppel precludes the Whites from now taking the contrary stance that the leases are invalid and unenforceable to preclude application of the jury waiver provision.

**B.     HMW is entitled to enforce the jury waiver provision in the leases.**

The Whites also may not avoid application of the jury waiver provision as to HMW. The only basis for liability on the part of HMW asserted by the Whites in their First Amended

4

Complaint is that HMW is the alter ego of WHRL.  *See* First Am. Compl. ¶¶ 22, ECF No. 17. Specifically, the Whites pled, "All of WHRL's actions relating to Plaintiffs' leases are attributable to HMW and vice versa." *Id.* ¶ 23.  The Whites cannot seek to impose vicarious liability upon HMW for WHRL's obligations under a contract with a jury waiver provision and simultaneously aver that the contract's jury waiver provision does not apply.  *See, e.g.*, *Perry*, 17 F. App'x at 91 (finding that prospective vendors of real property could not simultaneously claim that nonsignatories to a sales agreement providing funding to prospective purchasers were bound by the contract, and that a contractual jury waiver did not apply to claims against nonsignatories).  Accordingly, the jury waiver provision applies to the Whites' claims against both WHRL and HMW and it should be enforced here.

        **C.**     **All of the Whites' claims pertain to and concern the leases; thus, the Whites are not entitled to a jury trial.**

The opening brief filed on this issue by the Developer Defendants shows how all of the Whites' claims pertain to and concern the leases.  *See* Br. of Defs. Hoffman-Madison Waterfront LLC and Wharf Horizontal REIT Leaseholder LLC in Support of Their Mot. to Strike Pls.' Jury Demand 3–5, ECF No. 58-1.  The Developer Defendants cited District of Columbia case law demonstrating that, as a consequence, those claims are covered by the jury waiver.  *See id.* (citing *Sarete, Inc. v. 1344 U Street Ltd. P'ship*, 871 A.2d 480, 498 (D.C. 2005); *Pers Travel, Inc. v. Canal Square Associates*, 804 A.2d 1108, 1111–13 (D.C. 2002)).  In their response, the Whites do not dispute that the claim of valid and binding leases is the foundation of their non-contract based claims (as well as their contract claims).  And, in their response, the Whites do not dispute that the holdings in *Sarete* and *Pers Travel* cited by the Developer Defendants compel the conclusion that all of the Whites' claims are covered by the jury waiver.  Instead, the Whites suggest – without any analysis – that the Developer Defendants' position is somehow contrary to

5

the holding in *Rodenbur*, 320 F.2d 679[1], which is supposedly "controlling" here. *See* Whites' Resp. 4–5, ECF No. 65. In doing so, the Whites do not discuss the facts in *Rodenbur,* do not show how the facts here are in any way analogous to the facts in *Rodenbur,* and do not explain how the Developer Defendants distinction of *Rodenbur* in their opening brief on this issue is flawed. The reason for the Whites' failure even to attempt to make these showings is plain; there is nothing in the holding in *Rodenbur* that "controls" the outcome here.

In the instant case, unlike in *Rodenbur*, the tort claims averred by the Whites all presuppose the existence of a lease. The example given by the Whites is tortious interference with prospective economic advantage. *See* Whites' Resp. 4, ECF No. 65. The Whites' tortious interference claim is necessarily connected to the leases because there would be no prospective business advantage without the leases.[2] The Whites give no other examples of claims that they contend are unrelated to the leases and indeed there are none. Courts have held that where tort claims arise out of and relate to the contract, the contractual jury waiver provision applies. *See, e.g.*, *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 2d 982, 984 (1999) ("Because defendants' tort claims arise out of and relate to the contract . . ., it is altogether appropriate to apply the contractual jury waiver clause.") (citing *Telum*, 859 F. 2d 835; *Seligson*,

---

[1] In *Rodenbur*, the Court of Appeals found that an apartment building tenant's claim against the landlord for negligence arising from a slip and fall accident was unrelated to the parties' lease; thus, the jury waiver did not apply. *See Rodenbur*, 320 F.2d at 683.

[2] If the leases did not exist, then the Whites could not conduct business at the Municipal Fish Market, and therefore there could be no valid business relationship or expectancy, which is a required element to show tortious interference with prospective economic advantage in the District of Columbia. *See Nat'l R.R. Passenger Corp. v. Veolia Transp. Servs., Inc.*, 592 F. Supp. 2d 86, 98 (D.D.C. 2009).

361 F. Supp. at 758).  Accordingly, because all of the Whites' claims relate to and concern the leases, the jury waiver provision applies to all of them and it should be enforced.[3]

### D. The Developer Defendants' motion to strike is ripe for decision.

The Whites also argue that the Developer Defendants filed their motion to strike too early and that the Court need not decide it now.  *See* Whites' Resp. 1–2, ECF No. 65.  The cases cited by the Whites all focus on the question of whether a party filed its motion to strike a jury demand *too late*.  *See id.* (citing cases).  That is not the posture here.  And none of the cases cited by the Whites states that the Court cannot decide a motion to strike as early as it is filed where the waiver is clear and unambiguous, as it is here.  Further, that courts have found that a motion to strike a jury trial was not too late does not support the notion that the Developer Defendants' motion is too early, or that the Court should defer ruling on it.  That is especially true here, where nothing regarding the Whites' claims and the Developer Defendants' defenses will change between now and trial that would alter the calculus for deciding the Developer Defendants' motion to strike.

### III. CONCLUSION

In sum, there is no dispute that the leases that the Whites claim to be valid and in force contain a plain and broad jury waiver.  There also can be no dispute that the jury waiver applies to both the breach of contract and tort claims alleged by the Whites, and that the equitable claims alleged do not entitle the Whites to a trial by jury.  The Whites' demand for a jury trial should be stricken because the jury waiver provision in the leases is applicable and enforceable.  For the

---

[3] The Whites' equitable claims do not entitle them to a jury trial, either.  *See Dawson v. Contractors Transp. Corp.*, 467 F.2d 727, 730 (D.C. Cir. 1972) ("[A]ctions which are not 'suits at common law' but which lie strictly in equity do not give rise to a right to trial by jury and may be tried by the court alone.").

foregoing reasons, the Developer Defendants respectfully request that the jury demand be stricken as to Counts II through IX of the Whites' First Amended Complaint.

Dated:  June 29, 2016

Respectfully submitted,

<u>Michael S. McNamara by /s/ Clare M. Cavaliero</u>
Michael S. McNamara, D.C. Bar No. 493773
Gerald Zingone, D.C. Bar No. 396604
Clare M. Cavaliero, D.C. Bar No. 1029442
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, N.W.
Washington, D.C.  20036
michael.mcnamara@pillsburylaw.com
clare.cavaliero@pillsburylaw.com

*Counsel for Defendants Hoffman-Madison Waterfront LLC and Wharf Horizontal REIT Leaseholder LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2016, I caused a copy of the foregoing to be served via email on the following counsel:

Wendell L. Taylor, D.C. Bar No. 973873
Brian C. Hauser, D.C. Bar No. 1024406
Hunton & Williams LLP
2200 Pennsylvania Ave, N.W.
Washington, D.C.  20037
Tel: (202) 955-1627
Fax: (202) 857-3898
wtaylor@hunton.com
bhauser@hunton.com

*Counsel for Plaintiffs*

William F. Causey, D.C. Bar No. 260661
Matthew R. Blecher, D.C. Bar No. 1012957
District of Columbia
441 Fourth Street, N.W., 6th Floor
Washington, D.C.  20001
Tel: (202) 724-6610
william.causey@dc.gov
matthew.blecher@dc.gov

*Counsel for the District of Columbia*

Respectfully submitted,

<u>Michael S. McNamara by /s/ Clare M. Cavaliero</u>
Michael S. McNamara, D.C. Bar No. 493773
Gerald Zingone, D.C. Bar No. 396604
Clare M. Cavaliero, D.C. Bar No. 1029442
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, N.W.
Washington, D.C.  20036
michael.mcnamara@pillsburylaw.com
clare.cavaliero@pillsburylaw.com

*Counsel for Defendants Hoffman-Madison Waterfront LLC and Wharf Horizontal REIT Leaseholder LLC*