UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WHARF, INC., *et al.*,

    Plaintiffs,
  v.

DISTRICT OF COLUMBIA, *et al.*.,

    Defendants.

Civil Action No. 15-1198 (CKK)

MEMORANDUM OPINION
(July 5, 2017)

Plaintiffs Wharf, Inc., ('The Wharf"), BRW, Inc. ("Captain White"), and Salt Water Seafood, Inc. ("Salt Water") (collectively, the "Plaintiffs") filed suit on July 23, 2015, against the District of Columbia ("the District"), Hoffman-Madison Waterfront, LLC ("HMW") and Wharf Horizontal Reit Leaseholder, LLC ("WHRL")  (with HMW and WHRL are collectively referred to as the "Initial Developer Defendants"). *See generally* Compl, ECF No. [1].  Plaintiffs alleged that the Initial Developer Defendants violated the terms of the Plaintiffs' lease agreements, and further that the District violated the Takings Clause of the Fifth Amendment by impeding access to the property leased by Plaintiffs at the Southwest Waterfront in the District of Columbia.  *Id.*

The Initial Developer Defendants moved to dismiss the Complaint and Plaintiffs subsequently filed their First Amended Complaint. *See* 8/6/2015 Mot. to Dismiss, ECF No. [12]; 1st Am. Compl., ECF No. [17].  The District and the Initial Developer Defendants then moved to dismiss the First Amended Complaint. *See* 8/13/15 Initial Developer Defs.' Mot. to Dismiss, ECF No. [20]; 8/19/15 Mot. to Dismiss by the District, ECF No. [25]. This Court denied both motions to dismiss in a [47] Memorandum Opinion and [46] Order dated September 28, 2015.  On March 29, 2016, the Initial Developer Defendants filed their answers to the Plaintiffs' First Amended

1

Complaint, but Defendant WHRL also filed a counterclaim alleging that Plaintiffs breached their lease agreements and were unjustly enriched as a result of WHRL's improvement of the premises. *See generally* Answer and Counterclaim, ECF No. [54]. On February 12, 2017, WHRL made an unopposed motion for joinder of an additional party, which was granted by the Court, with the effect that Wharf Fish Market REIT Leaseholder LLC ("WFMRL") was added as a defendant and counterclaim plaintiff.[1] *See* Order, ECF No. [75].

On April 26, 2017, Plaintiffs moved for leave to file a Second Amended Complaint, which was consented to by the District, unopposed by the three Developer Defendants, and granted by the Court. *See* April 26, 2017 Minute Order. Plaintiffs' [82] Second Amended Complaint added the following Defendants: Wharf District GP Joint Venture LLC ("WDGJV"); Wharf Horizontal Reit, LLC ("WHR"); Hoffman-Struever Waterfront, LLC ("HSW"); and Wharf District Joint Venture, L.P. ("WDJV") (collectively, the "New Developer Defendants"). On May 9, 2017, these New Developer Defendants filed a [92] Motion to Dismiss, which is presently pending before this Court. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a

---

[1] The District was the original lessor of the property at issue. WHRL and the District entered into a ground lease agreement, dated April 23, 2014, whereby the District ground leased to WHRL the Fish Market together with all development rights and entitlements for a 99-year term. On October 31, 2016, WHRL transferred its interest in the ground lease agreement to Wharf Fish Market REIT Leaseholder LLC. *See* Def. WHRL's [74] Unopp. Mot. to Add Countercl. Pl. and Def. at 2.

[2] Compl., ECF No. [1]; 1st Am. Compl., ECF No. [17]; 2nd Amend. Compl., ECF No. [82]; Def. WHRL's Unopposed Mot. to Add Countercl. Pl. and Def., ECF No. [74]; Mot. to Dismiss the 2nd Amend. Compl. by Defs. Hoffman-Struever Waterfront LLC, Wharf District GP Joint Venture LLC, Wharf District Joint Venture, LP, and Wharf Horizontal Reit, LLC ("Defs.' Mot. to Dismiss"), ECF No. [92]; Memo. in support of Mot. to Dismiss, ECF No. [92-1]; Pls.' Memo. in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n"), ECF No. [98]; and Defs.' Reply to Pls.' Opp'n ("Defs.' Reply"), ECF No. [99].

whole, the Court HOLDS IN ABEYANCE the New Developer Defendants' [92] Motion to Dismiss until such time as the Plaintiffs file a Third Amended Complaint.

## I. Background

This case concerns the Municipal Fish Market located at 1100 Maine Avenue, S.W., Washington, D.C. ("Municipal Fish Market" or "the Market"). 2nd Am. Compl. ¶ 1. Plaintiffs run three seafood businesses in the Municipal Fish Market and bring this action as alleged lessees of property located within the Market. *Id.* ¶ 2. As previously noted, Plaintiffs initially named as defendants: 1) the District; 2) HMW; 3) WHRL; and 4) WRMRL was added as a defendant by WHRL. Plaintiffs' Second Amended Complaint also names WDGJV, WHR, HSW, and WDJV as defendants. *See* 2nd Am. Compl. ¶¶ 1, 23-29, 58 (noting that all the Developer Defendants are "affiliated" entities and further, that the District assigned Plaintiffs' leases to the Developer Defendants, acting through WHRL, which in turn assigned the leases to WFMRL.) Plaintiffs allege that all of the Developer Defendants breached the terms of their lease agreements and otherwise interfered with their use of the leased property. *See generally id.* ¶¶ 75-155. The commercial leases at issue are: the agreement entered into by The Wharf and the District dated July 12, 2000; the agreement entered into by Captain White and the District dated July 12, 2000; and the agreement originally entered into by Pruitt's Seafood, Inc. and the District, and subsequently assumed by Salt Water (then doing business as W.D., Inc.) from DNM Seafood, Inc. on March 20, 2014, with the consent of then-lessor, the District. 2nd Am. Compl. ¶¶ 44, 46, 52.

In their Second Amended Complaint, Plaintiffs include three claims against the District, including two Fifth Amendment Takings Clause claims (Counts I and II) and a violation of due process claim (Count III). Plaintiffs also raise eight claims against all of the Developer Defendants: declaratory judgment (Count IV); specific performance and injunctive relief based on

3

breach of lease (Count V); breach of lease (Count VI); breach of covenant of good faith and fair dealing (Count VII), trespass and conversion (Count VIII); nuisance (Count IX); tortious interference with prospective business advantage (Count X); and unjust enrichment (Count XI).

## II. Treating the Plaintiffs' Opposition as a Motion to Amend

The New Developer Defendants have moved to dismiss the Plaintiffs' Second Amended Complaint on grounds that the Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). More specifically, the New Developer Defendants argue that although the Plaintiffs have alleged that the New Developer Defendants are "affiliated" with the Initial Developer Defendants, "[t]he four numbered allegations that make this "affiliated" claim set forth not one additional fact regarding the alleged affiliation." Defs.' [92-1] Memo. in support of Mot. to Dismiss at 2.[3] Furthermore, "none of the allegations set forth in the remainder of the [Plaintiffs'] forty-nine page Second Amended Complaint contains even one more specific reference to any of these entities." *Id.* The New Developer Defendants analyze several cases that address the standard for piercing the corporate veil pursuant to an alter ego theory before concluding that Plaintiffs' "conclusory allegations" do not satisfy this standard, and thus, the Second Amended Complaint should be dismissed as it pertains to the New Developer Defendants. *See generally* Defs.' Memo in support of Mot. to Dismiss at 5-10.

Responding to the Motion to Dismiss, the Plaintiffs do not address any of the case law cited by the New Developer Defendants but instead focus on an Organizational Chart to describe the interconnectedness between the various Developer Defendants. *See* Pls.'Opp'n at 6, 9; Pls.' Opp'n, Ex. A (Organizational Chart). Plaintiffs also reference a Land Disposition Agreement, which allegedly "demonstrates the extent to which HSW acting in its capacity as Developer,

---

[3] Page numbers referenced are those automatically assigned by the ECF system.

4

exercises direction and control over the affiliated entities in its corporate chain." *See* Pls.' Opp'n at 7-8; Pls.' Opp'n, Ex. B (Land Disposition Agreement). Furthermore, Plaintiffs refer to a Certificate of Limited Partnership of WDJV obtained from the Secretary of State of Delaware to highlight the relationship between HSW, WDJV, WDGPJV and HMW, and to allege that Lamont Hoffman, an individual, acted on behalf of several of the entities. *See* Pls.' Opp'n at 8; Pls' Opp'n, Ex. C (Certificate of Limited Partnership). Plaintiffs explain that "[t]he Newly Named Defendants were added to this case because, pursuant to this Court's order, the parties exchanged organizational charts [and] [t]he Developer Defendants' organizations chart showed a web of entities that is responsible for the Southwest Waterfront development." Pls.' Opp'n at 9. In their Reply, however, the New Developer Defendants argue that common ownership among entities is not enough to state a viable claim for alter ego liability. Defs.' Reply at 4-6.

Plaintiffs contend that "[t]o the extent that alter ego allegations concerning the Newly named Defendants is deemed necessary, those allegations should await discovery, or Plaintiffs should be given leave to advance those allegations." Pls.' Opp'n at 5. The New Development Defendants argue that Plaintiffs cannot rely on the prospect of obtaining information through discovery in order to meet their pleading obligations. Defs.' Reply at 6-7. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era [ ] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") Plaintiffs conclude their Opposition by requesting leave to amend their complaint "[s]hould the Court find that Plaintiffs need to state that the Newly Named Defendants often share addresses, directors, and officers, and have signed

5

some of the foundational agreements with the District of Columbia authorizing construction on the Fish Market."[4] Pls.' Opp'n at 9.

The Court is inclined to consider Plaintiffs' request to amend their complaint; however, the Court notes that Plaintiffs did not attach to their Opposition a copy of any proposed Third Amended Complaint. Pursuant to LCvR 7(i), "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." A "bare request in an opposition to a motion to dismiss [ ] without any indication of the particular grounds on which the amendment is sought" is not a motion to amend within the contemplation of Fed. R. Civ. P. 15 (a). *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see also Kim v. U.S.*, 840 F. Supp. 2d 180, 189-90 (D.D.C. 2012), *aff'd*, 707 F.3d 335 (D.C. Cir. 2013) (A mere statement by the plaintiffs in an opposition to a motion to dismiss, without any detail, should not be treated as a motion to amend).

In the instant case, however, Plaintiffs not only request allowance to amend their complaint but they also indicate that the basis for amending their complaint is to add claims against new defendants who are alleged to be affiliates or alter egos of existing defendants, and they note additional proposed facts relevant to the new defendants, with such facts largely drawn from the three exhibits attached to the Opposition. Accordingly, Plaintiffs' failure to attach a proposed Third Amended Complaint is not a reason to deny their request to amend. *See Rozenzweig v. Claimfox, Inc.*, 2:16 –cv-01849 (ADS)(AYS), 2017 WL 1458742, at *4-5 (E.D.N.Y. Apr. 22, 2017) (finding that a failure to include a proposed amended complaint was not fatal to a motion for leave to amend where the memorandum of law adequately explained the basis for the

---

[4] Plaintiffs, however, also "submit that requiring amendment would put form over function." Pls.' Opp'n at 10.

6

amendment, included proposed factual additions, and incorporated several exhibits containing additional facts). This Court will therefore consider Plaintiff's request to amend their complaint and apply the applicable legal standard thereto.

### III. Applying the Legal Standard for a Motion to Amend

In cases where plaintiffs have already amended their Complaint, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert den.*, 520 U.S. 197 (1997) (finding that leave to amend a complaint is within the court's discretion and should be freely given unless there is good reason to the contrary); *Firestone v Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that it is an "abuse of discretion" to deny leave to amend without sufficient reason).

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

With respect to an amendment causing undue delay, courts should consider the relationship between the proposed amended complaint and the original complaint, particularly whether the proposed amendment "would radically alter the scope and nature of the case" and bear no more than a tangential relationship to the original action. *Miss. Ass'n of Coop. v. Farmers Home Admin.*,

7

139 F.R.D. 542, 543-44 (D.D.C. 1991). With respect to the futility of an amendment, a district court may properly deny a motion to amend if "the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010).

In the instant case, the purpose of Plaintiffs' amendment is to demonstrate that the New Developer Defendants are affiliates and alter egos of the Initial Developer Defendants, and that they are involved with the Waterfront development as it affects the Plaintiffs' leases. Addressing the "undue delay" prong with regard to considering whether to grant leave to amend, the Court notes that the Plaintiffs' claims against the New Developer Defendants are similar to or the same as the claims against the Initial Developer Defendants and as such, the amendment of the complaint would not alter the scope and nature of the case. Nor would the proposed amendment of the complaint cause undue delay as the parties are currently engaged in discovery and according to the Plaintiffs, discovery will be the same for all the defendants. *See* Pls.' Opp'n at 10. Furthermore, the proposed amendment would not prejudice the defendants as the purpose of the amendment is to flesh out more details about the New Developer Defendants' involvement with the Fish Market and their connection with the Initial Developer Defendants, in the same manner that the First Amended Complaint, ¶ 22, and the Second Amended Complaint, ¶ 30, contain allegations that link the two Initial Developer Defendants, WHRL and HMW, to support Plaintiffs' claim that WHRL is HMW's affiliated entity and alter ego.[5] *See* First Amended Complaint ¶ 22; Second Amended Complaint ¶ 30.

---

[5] The Original Developer Defendants "strenuously den[ied] the alter ego allegations asserted against them in the First Amended Complaint, [but because] they concluded that the facts alleged in the First Amended Complaint might be enough to survive a motion another Rule 12(b)(6) challenge [ ;] accordingly, [they] chose not to challenge that allegation further at the motion to dismiss stage." Defs.' Memo. in support of Mot. to Dismiss at 2.

Addressing the "bad faith" prong of the standard for considering whether to permit an amendment of a complaint, the Court notes that there has been no allegation of bad faith on the part of the Plaintiffs. Finally, while the Plaintiffs in this case have previously amended their complaint, the New Developer Defendants, who were just named in that Second Amended Complaint, were not involved in any prior iteration of the Complaint. Furthermore, the Initial Developer Defendants did not contest Plaintiffs' filing of a Second Amended Complaint.

The Court notes that the New Developer Defendants barely address the Plaintiffs' request to amend their complaint, commenting only that "the factual allegations asserted by the [Plaintiffs] — even if they could be amplified in yet another amended pleading to include the 'new' evidence — do not rise to the [necessary] level of detail . . . ." Defs.' Reply at 6. The New Developer Defendants seemingly conclude that it would be futile to permit such an amendment. Plaintiffs assert however that they have information regarding the relationships between the New Developer Defendants and the Initial Developer Defendants, which would allegedly overcome the arguments proffered by the New Developer Defendants in support of dismissal for failure to state a claim. In light of the fact that Plaintiffs' proposed amendment may counter the New Developer Defendants' contention that Plaintiffs have neither alleged enough details about these defendants nor sufficiently linked these new defendants to the original defendants, this Court finds that it is not futile to permit the Plaintiffs to amend their complaint to provide additional details about the New Developer Defendants and their relationship with the Initial Developer Defendants and the Waterfront development.

It is within this Court's discretion to permit the Plaintiffs to amend their complaint and, in the absence of any showing of undue delay, prejudice, futility or bad faith, this Court finds no sufficient reason to deny the Plaintiffs' request to amend their Complaint. Furthermore, the Court

notes that it is more efficient for Plaintiffs to amend their Complaint prior to the Court ruling on the instant Motion to Dismiss, because, in the event that the Court were inclined to grant that motion, Plaintiffs would inevitably move at a later date for leave to amend their Complaint.[6] Accordingly, the Plaintiffs should file their Third Amended Complaint by no later than August 4, 2017, and in so doing, they should include all relevant facts about the relationship of the New Developer Defendants to the Initial Developer Defendants and their involvement with the Waterfront development and the Fish Market.

## IV. Conclusion

The New Developer Defendants' motion to dismiss the Plaintiffs' Second Amended Complaint is based on the argument that Plaintiffs fail to state a cogent claim against these defendants because the Second Amended Complaint contains only vague allegations regarding these defendants and their status as affiliates and alter egos of the Initial Developer Defendants. Plaintiffs have requested allowance to amend their Second Amended Complaint to address the issues raised by the New Developer Defendants. The Court notes that such amendment may moot the argument raised by the New Developer Defendants. Accordingly, in the interest of judicial economy and efficiency, this Court declines to specifically address the merits of the New Developer Defendants' [92] Motion to Dismiss, finding instead that the New Developer Defendants' motion to dismiss should be HELD IN ABEYANCE until the Plaintiffs file a Third Amended Complaint. Plaintiffs' Third Amended Complaint shall be filed by no later than

---

[6] Plaintiffs assert that if the Court were to grant the instant motion to dismiss, the Plaintiffs might be in a position to move to amend their complaint after the development of additional evidence during discovery. Pls.' Opp'n at 10 n.10.

August 4, 2017. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge